# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY EARL HARP

    Petitioner-Appellant,

Vs

CINDI CURTIN

    Respondent-Appellant,

_____/

Case: 2:09-cv-13121
Judge: Cohn, Avern
MJ: Scheer, Donald A
Filed: 08-07-2009 At 03:04 PM
HC HARP V CURTIN (EB)

## TITLE

**PETITION FOR WRIT OF HABEAS CORPUS (2254)**

**MOTION TO PROCEED FORMA PAUPERIS**

**PETITIONER ACTING PRO-SE**

Anthony Earl Harp # 372187
Oaks Correctional Facility
1500 Caberfae Hwy.
Manistee, MI 49660-9200

Dated ~~July~~ August 3, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EARL HARP

    Petitioner-Appellant,

Vs

CINDI CURTIN

    Respondent-Appellant.

_____/

(NEW ACTION)

Honorable_____

## TITLE

### EXHAUSTION

Under 28 U.S.C.§ 2254, a federal court may not review the substantive merits of an applicant's claim for collateral relief unless the applicant has exhausted the remedies available in the courts of the state. Exhaustion is not a jurisdictional requirement, it is predicated on principles of judicial comity, and is designated to protect the state courts role in the enforcement of federal law and prevent disruption of state judicial proceedings <u>Delisle</u> v <u>Rivers</u> 161 F.3d 370 (6th Cir 1998).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EARL HARP

    Petitioner-Appellant,

(NEW ACTION)

Honorable_____

Vs

CINDI CURTIN

    Respondent-Appellant.

_____/

## TITLE

### TIMELINESS

Congress has set a one year period of limitations for the filing of an application for Writ of Habeas Corpus by a person in custody pursuant to a state court judgment. See 28 U.S.C. § 2244 (d)(1). This limitation period ordinarily begins to run on the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review. A conviction becomes final for habeas purposes when the Supreme Court "affirms conviction on the merits of direct review or denies a Petition for a Writ of Certiorari, or when the [ninety-day period] for filing a certiorari petition has expired." Clay v United States, 537 U.S. 522. In the instant case, Petitioner Harp asserts that his filing is timely. The Michigan Supreme Court's decision concluded direct review. Petitioner's appeal became "final" on May 27, 2008. See order of Michigan Supreme Court Appendix A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EARL HARP

    Petitioner-Appellant,

                                        (NEW ACTION)

Vs                                        Honorable_____

CINDI CURTIN

    Respondent-Appellee.

_____/

## TITLE

### PETITION FOR WRIT OF HABEAS CORPUS 2254

### MOTION TO PROCEED FORMA PAUPERIS

### PETITIONER ACTING IN PRO-SE

  May it please the court, Petitioner Anthony Harp acting in pro-se, after exhausting all available state remedies, request that this court determine whether Petitioner Harp was denied his 5th 6th 14th Amendment right.

## STATE COURT PROCEEDINGS

Following a jury trial, Petitioner Anthony Earl Harp was convicted of four counts of first-degree criminal sexual conduct, MCL 750.520b (1)(f). He was sentenced as a habitual offender, second offense, MCL 769.10, to four concurrent terms of 45 to 90 years.

1

Attorney Jonathan Simon was appointed to represent Petitioner on appeal of right. This attorney raised the following claims: (1) Appellant was denied his due process right to be convicted of first degree criminal sexual conduct only on the basis of legally insufficient evidence where the prosecution failed to establish the element of personal injury; (2) The trial court committed reversible error and violated appellant's due process rights to a fair trial when it refused his request for a jury instruction on third degree criminal sexual conduct where that offense is a necessarily included offense of first degree criminal sexual conduct; (3) Appellant is entitled to resentencing where offense variable 7 was incorrectly scored and he was sentenced on the basis of inaccurate information, which make his 540 month minimum sentence a departure above the appropriate sentencing guideline range.

On January 10, 2008 in an unpublished per curiam opinion the Michigan Court of Appeals affirmed Petitioner's conviction and sentence. (Court of Appeals # 274468). Hereinafter, Petitioner acting in pro-per filed the identical issues in the Michigan Supreme Court requesting that court to grant leave to appeal because the prosecution failed to establish personal injury; and that a lesser included offense was mandated based on the evidence that was presented, and finally, that Petitioner was entitled to resentencing where offense variable 7 was incorrectly scored based on inaccurate information. On May 27, 2008 the Michigan Supreme Court denied leave to appeal regarding all claims presented (Michigan Supreme Court # 135766).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L No 104-132,110 Stat.1214 ("AEDPA"), applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner Harp's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review apply to this case.

28 U.S.C. § 2254 (d) imposes the following standard of review on federal courts reviewing Applications for Writ of Habeas Corpus. An Application for Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was not adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as detrmined by the Supreme Court of the United States; (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Therefore, federal courts are bound by a State Court's adjudication of a Petitioner's claim unless the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law. Franklin v Francis 144 F.3d 429 (6th Cir 1998). Additionally, this court must presume the correctness of state court factual determination. 28 U.S.C.§ 2254 (e) see also Cremeans v Chapleau 62 F.3d 167, 169 (6th Cir. 1995).

3

Petitioner contends that habeas relief is available only if the applicant first exhaust remedies available in state court. See 28 U.S.C. §2254 (b). If the state court adjudicates and rejects a claim on adequate and independent state grounds, such as a state procedural default that precludes adjudicating the claim on the merits, the petitioner is barred by this procedural default from seeking federal habeas review of such claims, unless the petitioner can show cause and prejudice for the default. <u>Coleman v Thompson</u> 501 U.S. 722, 750-51, 111 S.Ct 2546, 115 L.Ed.2d 640 (1991).

However, there are several prerequisites before the cause and prejudice test is applied in a federal court to any kind of state procedural default. "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." <u>Maupin v Smith</u> 785 F.2d 135 (6th Cir. 1986). "Second, the court must decide whether the state courts actually enforced the state courts actually enforced the state procedural sanction." Third, the procedural default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim.

Petitioner Harp request that this Court issue a stay and hold his Petition for Writ of Habeas Corpus in abeyance pending the exhaustion requirement. Petitioner returned to the trial court

pursuant to MCR 6.500 following his denial in the Michigan Supreme Court on May 27, 2008. Petitioner Harp understands that so long as the claim is fairly presented, it is exhausted even if the state court does not address the claim. <u>Smith</u> v <u>Digmon</u> 434 U.S. 332 (1978). Petitioner Harp on relief from judgement raised the following constitutional claims:

1. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE COUNSEL FAILED TO RAISE SEVERAL MERITORIOUS ISSUES IN HIS APPEAL OF RIGHT.

2. DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHERE COUNSEL FAILED TO INVESTIGATE OR INTERVIEW WITNESS OR OBTAIN EXCULPATORY EVIDENCE THAT WAS REQUESTED FOUR MONTHS BEFORE TRIAL BEGAN BY DEFENDANT, WHICH WOULD HAVE PLACED DEFENDANT ELSEWHERE DURING THE TIME THE ALLEGED ASSAULT WAS IN PROGRESS.

3. TRIAL COURT'S JURY INSTRUCTIONS FAILED TO FOLLOW STANDARD CRIMINAL JURY INSTRUCTIONS, WERE CONFUSING AND INCORRECTLY STATED THE LAW AND DENIED THE DEFENDANT A FAIR TRIAL.

4. THE TRIAL COURT VIOLATED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR AND IMPARTIAL JURY WHERE DEFENDANT WAS SEPARATED FROM HIS COUNSEL DURING THE ENTIRE TRIAL AND PLACED IN THE CENTER OF THE COURTROOM IN A SWIVEL ROCKING CHAIR, GIVING THE JURY THE IMPRESSION THAT DEFENSE COUNSEL WAS AFRAID TO SIT WITH HIS CLIENT.

5. DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE HE WAS DENIED DUE PROCESS AND HIS SENTENCE IS THEREFORE INVALID WHERE HIS SENTENCE WAS BASED ON INACCURATE INFORMATION WHICH MADE HIS 540 MONTH MINIMUM SENTENCE DEPARTURE ABOVE THE APPROPRIATE SENTENCING GUIDELINES RANGE.

6. DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR AND IMPARTIAL JURY WAS VIOLATED WHERE A JUROR WHO HAD KNEW THE ALLEGED VICTIM AND HER SON WHO SAT IN THE AUDIENCE, DELIBERATELY SAT THROUGH DIRECT AND CROSS-EXAMINATION OF THE ALLEGED VICTIM BEFORE LETTING THE COURT KNOW THAT HE RECOGNIZED THEM AS HIS FORMER NEIGHBORS, AND THAT HE COULD NOT BE FAIR AND IMPARTIAL.

7. THE PROSECUTOR PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION AND COMMITTED MISCONDUCT THAT DENIED DEFENDANT A FAIR TRIAL. US CONST AM XIV.

The issues presented herein cast significant doubt on the verdict that was rendered in Petitioner's case. Unlike many petitions brought before this court, Petitioner Harp is not trying to abuse the writ. Petitioner's specific purpose is to follow the requirements of MCR 6.500 as well as the requirements of 28 U.S.C. §2254. Petitioner is a 50 year-old man who is serving a 45-90 year sentence who deserves more than a fleeting glance of his conviction. This is Petitioner's last chance to seek review in the state courts and in light of the above, Petitioner must exhaust his constitutional claims prior to raising them in a Petition for Writ of Habeas Corpus.

Habeas corpus consist of a veritable minefield of time limits, pleading requirements, and other procedural traps. As a result of these barriers, the vast majority of in pro-per habeas corpus petitions are dismissed for reasons unrelated to the merits, and even many petitions filed by attorneys suffer the same fate. Since the Anti-Terrorism and Effective Death Penalty Act (AEDPA) went into effect in 1996, understanding these procedural barriers has become critically important for habeas practitioners. Since the AEDPA requires that habeas petitions be filed within one year after the conclusion of state appellate review, it is imperative that a petition be procedurally sound. If a petition filed within that deadline is defective for any reason and therefore dismissed without prejudice, it may be too late to fix the problem and file a

timely corrected petition.

Therefore, Petitioner Harp is striving to file a proper petition that will be heard on the merits once he has exhausted all claims for relief. Since exhaustion will always be flyspecked, it is pointless and counterproductive, to file a petition containing an unexhausted claim in the hope that it might slide by. It will not slide by, the entire petition may be dismissed, and the time for filing the petition may well elapse before a corrected petition containing only unexhausted claims can be prepared and filed. If however, this advice is not heeded and the federal court does conclude that some of the claims contained in the petition have not been exhausted, the court will give the petitioner two options. First, the court may dismiss the entire petition and allow the petitioner to exhaust the unexhausted claims by promptly filing a 6.500 motion in the Michigan trial court, by pursuing that claim all the way to the Michigan Supreme, and by returning to federal court shortly after the Michigan Supreme Court finally denies relief.

Here, petitioner decided to return to the Michigan trial court to exhaust his claims prior to filing a Writ of Habeas Corpus, Petitioner ask that this court stay proceedings on the non-exhaustive claims as well as the exhausted claims and permit the Petitioner to return to the federal court after postconviction proceedings. See <u>Rhines v Weber</u> 125 S.Ct 1528. While Rhines gives discretion to district judges to grant stays in such circumstances,

7

the court concluded that such a stay should be granted only when the district judge finds that there was "good cause" for petitioner's failure to completely exhaust his claims in state court.

Petitioner here, unrepresented by counsel ask the federal court to issue a stay under Rhines. Petitioner filed his Motion for Relief from Judgment prematurely, and now ask this court to stay the instant petition to give Petitioner time to fully exhaust his claims so that Petitioner will be able to file all his claims upon returning to the federal court after the Michigan Supreme Court disposes of his claims.

## RELIEF REQUESTED

Wherefore, Petitioner Anthony Harp request that this court enter an order staying the instant Petition for Writ of Habeas Corpus and hold this case in abeyance pending the outcome of Petitioner's 6.500 proceedings.

*Anthony Harp*
Anthony Harp # 372187
Oaks Correctional Facility
1500 Caberfae Hwy.
Manistee, MI 49660-9200

8

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 09-13121 | Judge: Avern Cohn | Magistrate Judge: Donald A. Scheer |
|---|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:** ANTHONY HARP | | **Name of 1st Listed Defendant/Respondent:** CINDI CURTIN |
| **Inmate Number:** 372187 | | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | | |
| **Correctional Facility:** Oaks Correctional Facility<br>1500 Caberfae Highway<br>Manistee, MI 49660<br>MANISTEE COUNTY | | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes      ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes      ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____