UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EARL HARP,

        Petitioner,                        Case Number: 2:09-CV-13121

v.                                             HONORABLE AVERN COHN

CINDI CURTIN,

        Respondent.
_____/

**ORDER DENYING
PETITIONER'S MOTION FOR DISCOVERY (Doc. 11);
PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 12);
PETITIONER'S MOTION FOR EVIDENTIARY HEARING (Doc. 13);
AND
PETITIONER'S MOTION FOR DISCOVERY OF DNA TEST EVIDENCE
(Doc. 14)**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Anthony Earl Harp (Petitioner) challenges his convictions on four counts of first-degree criminal sexual conduct. Before the Court are several motions by Petitioner, as follows:  Motion for Discovery; Motion for Appointment of Counsel; Motion for Evidentiary Hearing; and Motion for Discovery of DNA Test Evidence.  For the reasons that follow, the motions will be denied.  Each motion is addressed in turn below.

II.  Motion for Discovery

In his motion for discovery, Petitioner seeks discovery of the victim's rape kit, 18 photographs of the victim's injuries, and phone records.  He also seeks discovery of police officer John Velasco, which, the Court assumes, is a request to depose Officer Velasco.  "Habeas petitioners have no right to automatic discovery."  Stanford v. Parker,

266 F.3d 442, 460 (6th Cir. 2001).  Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a).  "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  Williams v. Bagley, 380 F.3d 932, 975 (6th Cir. 2004), quoting Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" Id., quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997).

     First, Petitioner seeks discovery of the rape kit.  Petitioner's defense at trial was consent.  The issues at trial were consent and whether Petitioner caused personal injury to the victim.  Mich. Comp. Laws § 750.520a.  Testing of the rape kit would yield no information relevant to those issues.  Next, Petitioner seeks production of 18 photographs of the victim's injuries and telephone records.  Petitioner has not made the required showing of "good cause" that these items are necessary for the disposition of his case.  Bracy, 520 U.S. at 908.  Petitioner also seeks discovery of Officer John Velasco, who took a statement from the victim.  Petitioner argues Officer Velasco's testimony would contradict the victim's.  Other than a summary allegation, Petitioner asserts no argument in support of this claim and, accordingly, fails to show good cause for Officer Velasco-related discovery.

III.  Motion for Discovery of DNA Test Evidence

In this related discovery motion, Petitioner casts a wide net, seeking discovery in all matters regarding DNA testing performed in this case and all matters related to the general qualifications and quality control procedures of the laboratory responsible for testing in this case.  No DNA-related testimony was presented in this case.  As noted the Petitioner admitted having sexual intercourse with the victim.  The issue was one of consent.  At this time, the Court finds no good cause for the requested discovery.[1]

IV.  Motion for an Evidentiary Hearing

Petitioner also filed a motion for an evidentiary hearing.  He seeks to develop a record regarding the issues raised in his other two discovery motions.  "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court."  Schriro v. Landrigan, 550 U.S. 465, 468 (2007).  "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"  Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001) (quoting Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994)).

Here, as noted above, the areas upon which Petitioner seeks to further develop

---

[1] Because the Court resolves these discovery issues under Rule 6, it need not address the implications of Cullen v. Pinholster, —— U.S. ——, 131 S.Ct. 1388 (2011), in which the Supreme Court rejected a petitioner's claim for a evidentiary hearing, holding that "evidence introduced in federal court has no bearing" on review of cases which seek review under 28 U.S.C. § 2254(d)(1), if the petitioner's claim has been reviewed on the merits in state court.  Id. at 1400.

the factual record are not material to a fair adjudication of his habeas claims.  Thus, an evidentiary hearing is not warranted.

### V.  Motion for Appointment of Counsel

Finally, Petitioner has requested the appointment of counsel.  A habeas petitioner has no absolute right to be represented by counsel on federal habeas review.  See Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 492 (6th Cir. 1995); see also Wright v. West, 505 U.S. 277, 293 (1992) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)).  "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.'"  Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965)).

Here, Petitioner has submitted several pleadings in support of his habeas claims.  The interests of justice do not require appointment of counsel at this time.  See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

### VI.  Conclusion

For the reasons stated above, Petitioner's Motion for Discovery, Motion for Appointment of Counsel, Motion for Discovery of DNA Test Evidence, and Motion for Evidentiary Hearing are DENIED.

SO ORDERED.


Dated:  February 3, 2012            S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

4

          **09-13121 Harp v. Curtin**
**Order Denying Petitioner's Motion for Discovery, etc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Anthony Harp, 372187, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 and the attorneys of record on this date, February 3, 2012, by electronic and/or ordinary mail.

          S/Julie Owens
          Case Manager, (313) 234-5160